STUCKY, Judge,
with whom RYAN, Judge,
joins in Part II (dissenting in part and concurring in the result):
I agree with the majority in affirming the decision of the Court of Criminal Appeals, but I respectfully dissent from its analysis of the plain error doctrine and from its conclusion that trial counsel’s argument was error.
I. Plain Error
The plain error doctrine grants “authority for an appellate court to reverse on the basis of error even though that error was not properly raised and preserved at the trial level.” Wayne R. LaFave et al., Criminal Procedure § 27.5(d), at 87-88 (3d ed.2007). “[Rjeeourse” to the plain error doctrine may be had
only on appeal from a trial infected with error so “plain” the trial judge and prosecutor were derelict in countenancing it, even absent the defendant’s timely assistance in detecting it. The [doctrine] thus reflects a careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed.
United States v. Frady, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).
To establish plain error under military law, an appellant has the burden of demonstrating that (1) there is error, (2) the error is clear or obvious, and (3) the error materially prejudiced a substantial right of the accused. United States v. Maynard, 66 M.J. 242, 244 *453 (C.A.A.F.2008) (citing United States v. Hardison, 64 M.J. 279, 281 (C.A.A.F.2007)).
The plain error doctrine “‘is to be used sparingly,- solely in those circumstances in which a miscarriage of justice would otherwise result.’ ” United States v. Fisher, 21 M.J. 327, 328-29 (C.M.A.1986) (quoting Fra-dy, 456 U.S. at 163 n. 14, 102 S.Ct. 1584); accord United States v. Ruiz, 54 M.J. 138, 143 (C.A.A.F.2000). When an appellant establishes the three-part plain error test, an appellate court such as ours has discretion to grant relief if it determines that the error “ ‘seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.’ ” United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)); United States v. Powell, 49 M.J. 460, 465 (C.A.A.F.1998). Further, the Supreme Court has suggested that courts can deny relief in a case in which the alleged error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings without deciding that an appellant’s substantial rights were prejudiced by the alleged error. See United States v. Cotton, 535 U.S. 625, 632-33, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); Johnson v. United States, 520 U.S. 461, 470, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).
The majority asserts that once an appellant has established plain, constitutional error, “the burden shifts to the Government” to establish that the error was harmless beyond a reasonable doubt. United States v. Paige, 67 M.J. at 449 (C.A.A.F.2009) (citing United States v. Carter, 61 M.J. 30, 33 (C.A.A.F.2005)). But that language from Carter was derived from dictum in Powell, 49 M.J. at 464-65, that was based on United States v. Adams, 44 M.J. 251, 252 (1996), a case in which neither the issue granted for review nor this Court’s opinion discussed plain error.[1]
The third prong of the military plain error test is derived from Article 59(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 859(a) (2000). See Powell, 49 M.J. at 465. It requires an appellant to establish that “the error materially prejudiced] the substantial rights of the accused.” Article 59(a), UCMJ (emphasis added). The term “materially,” as used in Article 59(a), UCMJ, is best defined as “significantly.” See Bryan A. Garner, A Dictionary of Modem Legal Usage 551 (2d ed.1995).
The federal plain error rule is similar. The appellant must establish that the error “affeet[s] substantial rights,” Olano, 507 U.S. at 734, 113 S.Ct. 1770 (quoting Fed.R.Crim.P. 52(b)), which, unless the error is structural, requires a showing of “prejudicial effect on the outcome of a judicial proceeding.” United States v. Dominguez Benitez, 542 U.S. 74, 81, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). To demonstrate this prejudicial effect, the appellant must demonstrate “‘a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different.’” Id. at 81-82, 124 S.Ct. 2333 (quoting United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (opinion of Blackmun, J.)).
The language used in the third prong of the military and federal plain error doctrines differ, but they arrive at the same relative definition of prejudice. While prejudice under the federal rule requires the appellant to show a “prejudicial effect on the outcome of a judicial proceeding,” id. at 81, 124 S.Ct. 2333, the military rule defines prejudice under the third prong to require the appellant to show the error “ ‘had an unfair prejudicial impact on the jury’s deliberations.’” Fisher, 21 M.J. at 328 (quoting United States v. Young, 470 U.S. 1, 16 n. 14, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). Based on these similarities, I would adopt the Supreme Court’s holding in Dominguez Benitez to military jurisprudence. An appellant satisfies the prejudice prong of the plain error test by demonstrating “ ‘a reasonable probability *454 that, but for [the error claimed], the result of the proceeding would have been different.’ ” 642 U.S. at 81-82, 124 S.Ct. 2333 (citation omitted).
Although the Supreme Court has not spoken directly on this issue, it has suggested that the plain error test need not be changed to accommodate non-structural, constitutional errors. See Johnson, 520 U.S. at 463, 117 S.Ct. 1544 (trial judge failed to instruct the jury on materiality, an essential element of the perjury offense of which the appellant was convicted). If the error alleged is constitutional, the standard is the same; it just becomes easier for the appellant to meet his burden of showing “á reasonable probability that, but for the error, the result of the proceeding would have been different.” See Dominguez Benitez, 542 U.S. at 81-82 n. 7, 124 S.Ct. 2333 (citation and quotation marks omitted).
In a plain error case, as opposed to one in which the error is preserved, the burden of persuasion never shifts to the government;[2] it remains with the appellant, although the government has the opportunity to argue why the error is not prejudicial. When a military appellant meets the heavy burden of establishing “material” (significant) prejudice — a reasonable probability that, but for the error the result would have been different — it is impossible for the government to show the error was harmless beyond a reasonable doubt. By conflating the third prong of the plain error standard with the harmless beyond a reasonable doubt test for constitutional error, the majority incorrectly shifts the burden of persuasion from Appellant to the Government.
II. The Alleged Errors
On appeal of his conviction for rape, Appellant contends that the trial counsel committed plain error by arguing that (1) the evidence was uncontradicted, and (2) to establish the defense of mistake of fact as to consent, Appellant had to assert that his mistake was honest.
It is well established that the government may comment on the failure of a defendant to refute government evidence or to support his own claims. “A constitutional violation occurs only if either the defendant alone has the information to contradict the government evidence referred to or the jury ‘naturally and necessarily’ would interpret the summation as comment on the failure of the accused to testify.”
Carter, 61 M.J. at 33 (quoting United States v. Coven, 662 F.2d 162, 171 (2d Cir.1981)).
This is not a case in which an appellant presented no evidence at trial. In an effort to contradict the Government’s case and establish that PFC C may have been conscious, the defense counsel vigorously cross-examined Government witnesses and presented several witnesses of their own, including Lance Corporal Coon, one of Private First Class (PFC) C’s roommates, who had observed PFC C before and after the alleged rape. Furthermore, it appears that this trial strategy of contesting the credibility of the prosecution’s witnesses may have had some effect on the members; after rebuttal, the members recalled the prosecution’s two main witnesses for further questioning.
A Uncontradicted Evidence
Before closing arguments, the military judge instructed the members that they had “the duty to determine the believability of the witness.” In making such determinations, the members were to “[cjonsider also the extent to which each witness is either supported or contradicted by other evidence in the case.”
The majority finds error in the trial counsel’s argument, that certain evidence was uncontradicted, by chopping the trial counsel’s argument into three segments — before, during, and after the rape — and then analyzing them separately. But “the touchstone of whether an argument is improper is ... the argument itself viewed in its entire context.” United States v. Baer, 53 M.J. 235, 239 (C.A.A.F.2000).
*455 The defense turned the trial into a referendum on the credibility of the Government’s witnesses by showing inconsistencies in their statements. Facing such a defense trial strategy, it was appropriate for the trial counsel to forcefully assert, in accord with the military judge’s instruction on witness credibility, that on the important facts establishing the elements of the offense, the Government’s witnesses were uncontradicted. When “viewed in its entire context,” the argument was not error.
B. Mistake of Fact
Before closing argument, the military judge informed the members that the evidence had raised the issue of mistake on the part of Appellant as to whether PFC C had consented to sexual intercourse and that the Government had the burden of proving beyond a reasonable doubt that such was not the case. In his closing argument, the defense counsel argued that the members should acquit because it was reasonable under the circumstances for Appellant to believe that PFC C had consented. He neither argued that Appellant honestly believed PFC C consented to sexual intercourse nor pointed to any evidence from which the court members could infer that he did. Appellant now objects to the following statement from trial counsel’s rebuttal argument:
If the accused had a[sic] honest and mistaken belief that [PFC C] consented to the act of sexual intercourse, he is not guilty of rape. If the belief was reasonable. So step one this guy has to honestly believe that — he’s got to honestly believe and assert that his mistake was honest.
While the trial counsel’s argument could have been more artfully drawn, it did not amount to error, let alone plain error. The government is permitted to comment on the failure of an accused to support his own claims. Carter, 61 M.J. at 33 (quoting Coven). The trial counsel was merely responding to defense counsel’s closing argument that asserted Appellant may have been operating under a mistake of fact as to consent because, under the circumstances, a reasonable man would have done so. Trial counsel had a right to remind the members that the mistake of fact defense requires a subjective, as well as objective, belief that PFC C consented to the sexual intercourse, and that Appellant had neither pointed to any evidence nor asserted that such was the case. The trial counsel’s argument was not error.

. Dominguez Benitez, 542 U.S. at 82, 124 S.Ct. 2333; Olano, 507 U.S. at 734-35, 113 S.Ct. 1770 (noting that, in a plain error case, the normal burden on the government to show an error is harmless shifts to the appellant to show prejudice).