UNITED STATES, Appellee

v.

Yolanda FLORES, Staff Sergeant
U.S. Air Force, Appellant

No. 10-0332

Crim. App. No. S31621

United States Court of Appeals for the Armed Forces

Argued October 13, 2010

Decided February 9, 2011

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and BAKER and RYAN, JJ., joined.  STUCKY, J.,
filed a separate opinion dissenting in part and concurring in
the result.

Counsel


For Appellant:  Captain Andrew J. Unsicker (argued); Major
Anthony D. Ortiz (on brief); Colonel Eric N. Eklund and Major
Shannon A. Bennett.

For Appellee:  Captain Charles G. Warren (argued); Gerald R.
Bruce, Esq. (on brief); Colonel Don M. Christensen and
Lieutenant Colonel Jeremy S. Weber.

Military Judge:  Bryan D. Watson


**This opinion is subject to revision before final publication.**

United States v. Flores, No. 10-0332/AF

Judge ERDMANN delivered the opinion of the court.

Staff Sergeant Yolanda Flores pleaded guilty to two specifications of disobeying a lawful order and pleaded not guilty to two additional specifications of disobeying a lawful order and two specifications of making false official statements. A military judge sitting as a special court-martial found her guilty of all charges. Flores was sentenced to a bad-conduct discharge, confinement for six months, and reduction to E-1. The convening authority approved the sentence and the United States Air Force Court of Criminal Appeals affirmed the findings and sentence. United States v. Flores, 69 M.J. 651, 657 (A.F. Ct. Crim. App. 2010).

A "trial counsel may not comment directly, indirectly, or by innuendo, on the fact that an accused did not testify in [her] defense." United States v. Carter, 61 M.J. 30, 33 (C.A.A.F. 2005) (citation and quotation marks omitted). In a guilty plea context, a military judge who has advised an accused that she is waiving her right against self-incrimination only to those offenses to which she is pleading guilty cannot later rely on those statements as proof of a separate offense. See United States v. Resch, 65 M.J. 233, 237 (C.A.A.F. 2007). We granted review to consider whether, during her closing statement, trial counsel improperly referenced statements made by Flores that were protected by the Fifth Amendment and whether she improperly

2

commented on Flores' right to remain silent.[1]  We conclude that any errors or presumed errors were harmless beyond a reasonable doubt.  Therefore, we affirm the decision of the Air Force Court of Criminal Appeals.

### BACKGROUND

Flores was assigned as a quad shift leader at a detention facility in Camp Bucca, Iraq.  A "quad" contained up to about 280 detainees and as shift leader Flores was responsible for their welfare and security during her shift.  The detention facility guards at Camp Bucca were subject to various lawful orders concerning the operation of the facility.  Flores was charged with failing to obey lawful orders which prohibited the photographing and videoing of detainees, the transfer of those photographs and video to others, and with fraternizing and developing an unprofessional relationship with detainees.  She was also charged with making false official statements to investigators concerning the photographs and her relationship with the detainees.

---

[1] We granted review of the following issue:

> Whether trial counsel improperly commented on
> Appellant's constitutional right to remain silent thus
> depriving Appellant of a fair trial.

United States v. Flores, 69 M.J. 166 (C.A.A.F. 2010) (order granting review).

After electing trial by military judge alone, Flores entered guilty pleas to taking, and then transferring to another detention facility guard, photographs and a video of detainees. During the guilty plea inquiry the military judge advised her:

> [B]y your plea of guilty you give up three important rights, but you give up these rights solely with respect to the offenses to which you have pled guilty.
>
> First, the right against self-incrimination, that is, the right to say nothing at all.

During the subsequent plea inquiry Flores admitted to disobeying a lawful order by taking two photographs of detainees and a video of a detainee. She also admitted transferring the photos to Airman AB, a female detention facility guard in her quad. Following the providence inquiry the military judge accepted Flores' pleas but reserved entering findings until after trial on the contested charges. Flores did not testify during the contested portion of the trial.

The military judge found that Flores became romantically involved with one detainee (Hassam), had sex with him in the detainment facility,[2] lent him her camera to take pictures of her, and provided him with a photograph of herself in civilian clothes. The military judge also found that Flores took a video

---

[2] The references in the record as to where the alleged sexual intercourse took place referred to both the shower area and the water closets (toilet area), which are adjacent.

of another detainee (Siraj) and solicited him to express his love for Airman AB on the video.  When initially questioned by investigators, Flores denied taking any photographs and denied any unprofessional relationship with detainees.  When she was confronted with the photographs and video, she admitted taking the video but stated she did not remember the photographs.

## DISCUSSION

Flores makes two separate Fifth Amendment claims in regard to trial counsel's closing argument:  trial counsel improperly referenced statements Flores had made during the providence inquiry to prove offenses to which she had pleaded not guilty; and, trial counsel made several improper references to the fact that Flores did not testify during the contested portion of the trial.

Whether trial counsel's comments improperly reference an accused's invocation of an accused's constitutional right to remain silent is a question of law that this court reviews de novo.  United States v. Moran, 65 M.J. 178, 181 (C.A.A.F. 2007).  When an objection is made to a nonconstitutional error, appellate courts determine whether the error materially prejudiced the substantial rights of the accused.  Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2006); United States v. Edwards, 35 M.J. 351, 355 (C.M.A. 1992).

United States v. Flores, No. 10-0332/AF

When no objection is made during the court-martial, a counsel's arguments are reviewed for plain error.  United States v. Schroder, 65 M.J. 49, 57-58 (C.A.A.F. 2007).  Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice.  United States v. Maynard, 66 M.J. 242, 244 (C.A.A.F. 2008).  Regardless of whether there was an objection or not, "[i]n the context of a constitutional error, the burden is on the Government to establish that the comments were harmless beyond a reasonable doubt."  Carter, 61 M.J. at 35 (citation omitted).

I.  Trial counsel's reference in her closing argument to Flores' providence inquiry statements

The first two statements to which Flores objects contain references by the trial counsel to statements made by Flores during her providence inquiry.  A guilty plea and related statements to one offense cannot be admitted to prove any element of a separate offense.[3]  A military judge who advises an accused that she is waiving her right against self-incrimination only to the offenses to which she is pleading guilty must not later rely on those statements as proof of a separate offense.  See Resch, 65 M.J. at 237.  To do so would compel an accused to incriminate herself in the separate criminal proceeding.

---

[3] This prohibition does not apply when using a plea to a lesser included offense to prove a common fact or element of a greater offense.  United States v. Caszatt, 11 C.M.A. 705, 706-07, 29 C.M.R. 521, 522-23 (1960).

Comment One:

>  Airman [AB] also testified to the video regarding
> [detainee] Siraj, how she had asked Flores to hold her
> camera that day and it comes back with a video on it
> of Siraj.  Well that was corroborated by Sergeant
> Flores.  She actually corroborated that in court, in
> front of you, Your Honor.

(Emphasis added.)

The Government relied on the testimony of Airman AB to corroborate much of the various testimonial and documentary evidence admitted during the court-martial.  Trial counsel devoted a portion of her closing argument to support Airman AB's credibility.  In this comment, however, trial counsel specifically referred to a statement that Flores made during her providence inquiry in an attempt to show that Flores corroborated Airman AB's testimony concerning the video. Defense counsel did not object.  Therefore, we review this statement for plain error.

Given the direct reference made by trial counsel to a statement made by Flores at the providence inquiry, there can be little doubt that this was error and that it was plain and obvious.  The error, however, was harmless beyond a reasonable doubt.  Flores admitted to taking the video in question in her voluntary pretrial statement to investigators, which was properly admitted at trial.  Therefore, while this comment was plain and obvious error, the referenced corroboration was also

7

United States v. Flores, No. 10-0332/AF

contained in Flores' pretrial statement and the error was harmless beyond a reasonable doubt.

Comment Two:

> Of course the testimony in court was that there are more times that pictures were exchanged.  There are more pictures that she was involved with taking.  A case in point will be the ones of herself, four, and the three of [AB], when Airman [AB] explains those were taken by Hassam.  That didn't come out of Sergeant Flores' mouth.

(Emphasis added.)

Here trial counsel argued that Airman AB testified about the existence of more pictures than Flores admitted to taking. The implication was that Flores had not been forthcoming to the court regarding her involvement with the detainees.  When trial counsel made the statement, it was unclear as to whether she was referring to the pretrial statements that Flores had made to investigators or to the statements Flores made during her providence inquiry.  When the defense counsel objected on the grounds that this statement was a comment on Flores' right to remain silent, trial counsel responded, "No, it wasn't Your Honor.  It was a comment on what Sergeant Flores told you in court during her guilty plea."

If there was any question as to whether this was a reference to a statement made by Flores at her providence inquiry, trial counsel's response cleared up any confusion. However, the military judge overruled the objection without

8

explanation.  Although this error was of constitutional dimension, it was also harmless beyond a reasonable doubt.[4]

During the providence inquiry Flores admitted to taking only two of the photographs of detainees contained in Prosecution Exhibit (PE) 7 and the video of one detainee contained on a CD identified as PE 8.  Airman AB, on the other hand, testified that Flores took a number of the photographs of detainees contained in PE 6 and 7 as well as the video.  Airman AB also testified that Flores took at least ten additional photographs of detainees that were not contained in PE 6 and 7.  Trial counsel erred in making this comparison to Flores' protected statements made during the providence inquiry.

However, in Flores' pretrial statements to investigators, while she initially denied taking any pictures, when she was confronted with the pictures and video she admitted taking the video but stated that she did not remember the pictures.  The basis for the implication that Flores had not been forthcoming as to the number of photographs she took was therefore properly

---

[4] Trial counsel was arguing that Flores had not been forthcoming in her version of facts and in cases where the accused does not testify, this tactic is fraught with danger as it often implicates an accused's right to remain silent.

United States v. Flores, No. 10-0332/AF

before the court in Flores' voluntary pretrial statements, again

rendering the error harmless beyond a reasonable doubt.

II.  Trial counsel's comments on Flores' right to remain silent

"It is black letter law that a trial counsel may not

comment directly, indirectly, or by innuendo, on the fact that

an accused did not testify in [her] defense."  United States v.

Mobley, 31 M.J. 273, 279 (C.M.A. 1990) (citation omitted).

However, we have noted that not every prosecutorial comment on

the failure of an accused to testify is impermissible, citing

United States v. Coven, 662 F.2d 162, 171 (2d Cir. 1981), as

follows:

> It is well established that the government may comment
> on the failure of a defendant to refute government
> evidence or to support his own claims.  A
> constitutional violation occurs only if either the
> defendant alone has the information to contradict the
> government evidence referred to or the jury naturally
> and necessarily would interpret the summation as
> comment on the failure of the accused to testify.

Carter, 61 M.J. at 33 (quotation marks omitted).  Challenged

statements are reviewed in context rather than in isolation.

United States v. Baer, 53 M.J. 235, 238 (C.A.A.F. 2000) (quoting

United States v. Young, 470 U.S. 1, 16 (1985)).

Comment Three:

> It's very interesting what Sergeant [KS] told us
> about talking to Airman [AB] and Sergeant Flores [in
> their interviews] . . . . I believe Sergeant [KS]'s
> words were there was never a set story from her.  And
> the government contends you still don't have a set
> story from Sergeant Flores.

(Emphasis added.)

Trial counsel noted that Staff Sergeant KS had taken Flores' pretrial statement and that she testified that Flores never gave a set story to investigators.  She then argued that the court still didn't have a set story from Flores.  Defense counsel objected to trial counsel's comment as being an improper reference to Flores' right to remain silent.  The military judge overruled the objection without explanation.  In the context of the entire court-martial, even if this was error, it was harmless beyond a reasonable doubt as this is a case where the evidence of guilt was truly overwhelming.

As to Charge I, Specification 3, which charged Flores with "wrongfully fraternizing with or acting with undue familiarity toward [detainee] 'Hassam,'" the Government presented the following evidence from Airman AB:  Flores admitted she had feelings for Hassam; Flores admitted having sex with Hassam in the shower area, Flores used condoms and Airman AB saw the condoms; Flores and Hassam were seen kissing; Flores gave Airman AB a photograph of Hassam; Hassam took a photograph of Flores; Hassam took two photographs of Flores and Airman AB; Airman AB testified seeing photographs where Hassam's arm was around Flores, kissing her on the cheek and kissing her on the lips. Other evidence included:  a civilian photograph of Flores found in Hassam's possession; a government-issued notebook found in

11

Hassam's possession that had a heart drawn on it and the name "Flores"; Sergeant CK testified that he had seen Flores in the shower area at unusual times and that he noticed Hassam and Flores talking a lot during shifts.

As to Charge I, Specification 4, which charged Flores with "wrongfully fraternizing with or acting with undue familiarity toward detainee 'Siraj,'" the Government presented the following evidence:  a CD containing a video of Siraj in which Flores asked Siraj to tell Airman AB that he loved her; Flores' pretrial statement in which she admitted taking the video; Airman AB's testimony that Flores took the video; Technical Sergeant PH's testimony that he saw a photograph of Siraj on Flores' camera.

Charge II, Specification 1, charged Flores with making the following false official statements to investigators:  "'I did not take any photographs of detainees,' 'I do not believe that any guards went inside the wire without proper authorization or without following proper schedule,' 'As for guards having unprofessional relationships with detainees, with the exception of Airman [AB] being too friendly, I do not think there were any,' or words to that effect. . . ."  Charge II, Specification 2, charged Flores with making the following false official statements to investigators:  "'I did not have unprofessional friendships with any guards, ICOs (Iraqi correction officers) or

12

detainees and neither did anyone else that I knew of,' or words to that effect. . . ."  The evidence reviewed in reference to Charge I, Specifications 3 and 4, is equally applicable to establishing that these statements were false and was indeed overwhelming as to Flores' guilt on all the charges and specifications.  This evidence establishes that even if this comment by trial counsel was error, it was harmless beyond a reasonable doubt.

Comment Four:

> In the end Your Honor, it is a matter of credibility.  <u>Whose testimony in this courtroom is supported and whose isn't</u>.  And the government contends that Airman [AB]'s testimony is the one that's corroborated.  When you look at all the other witnesses and you piece it together like a puzzle, everything that she said . . . is corroborated. . . . <u>There's nothing that corroborates anything in terms of what Sergeant Flores has stated, when she had the opportunity to state things</u>.

(Emphasis added.)

Trial counsel claimed that nothing introduced during the court-martial corroborated Flores' statements.  Defense counsel did not object.  Therefore, we review this statement for plain error.  Trial counsel's comment that nothing corroborated what Flores had said "when she had the opportunity to state things," when taken in isolation, could be interpreted to be a reference to Flores' right to remain silent.  However, even if this comment constituted error, it is not plain and obvious.  "An error is not 'plain and obvious' if, in the context of the

entire trial, the accused fails to show the military judge should be 'faulted for taking no action' even without an objection.'" United States v. Burton, 67 M.J. 150, 153 (C.A.A.F. 2009) (citations omitted).

Flores made two voluntary pretrial statements to investigators which were properly before the court. In the context of trial counsel's argument, this is an argument that nothing was admitted during the court-martial that corroborated Flores' pretrial statements to investigators. Flores has not established that the error, if error at all, was plain and obvious.

Comment Five:

> "Your Honor, we ask you to go back and weigh heavily what testimony and evidence you have that supports Airman [AB]'s version of the facts and what you have that supports Sergeant Flores's."

(Emphasis added.)

Defense counsel argued during closing argument that Airman AB was not a credible witness. Trial counsel responded during rebuttal argument by summarizing the evidence introduced during the court-martial and argued that it corroborated Airman AB's testimony. Defense counsel did not object, so we again review for plain error.

We do not find error in this statement but instead find this to be proper comment on the evidence. Trial counsel reviewed the evidence before the court and then compared Airman

AB's testimony and Flores' only version of the facts, which was contained in her pretrial statements to investigators. "'It is well established that the government may comment on the failure of a defendant to refute government evidence or to support [her] own claims.'" United States v. Webb, 38 M.J. 62, 66 (C.M.A. 1993) (quoting Coven, 662 F.2d at 171). "'The test for determining whether an indirect remark constitutes improper comment on a defendant's failure to testify is: Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify?'" Id. (quoting United States v. Anderson, 481 F.2d 685, 701 (4th Cir. 1973)); see also Carter, 61 M.J. at 33. Here, the comparison was not intended, nor would it have been interpreted to be, a comment on Flores' failure to testify. We find no error in this comment.

III. Cumulative Error

Flores also argues that the cumulative effect of the five comments warrant reversal even if each is individually non-reversible. "It is well-established that an appellate court can order a rehearing based on the accumulation of errors not reversible individually." United States v. Dollente, 45 M.J. 234, 242 (C.A.A.F. 1996). We held that Comments One and Two constituted error but found that those errors were harmless

15

beyond a reasonable doubt as the information contained in Flores' providence inquiry statements referenced by trial counsel in her closing argument was independently admitted into evidence and therefore properly before the court.  As to the three comments which Flores argued were improper references to her right to remain silent, we held as follows:  Comment Three, if error, was harmless beyond a reasonable doubt due to the overwhelming evidence of Flores' guilt; Comment Four, if error, was not plain or obvious; and Comment Five was not error at all. As to the errors we did find, we do not believe there is a reasonable possibility that, taken cumulatively, those errors might have contributed to the conviction.  See Moran, 65 M.J. at 187.  In addition, appellate courts are far less likely to find cumulative error where the record contains overwhelming evidence of a defendant's guilt.  Dollente, 45 M.J. at 242 (citing United States v. Thompson, 1 F.3d 149, 157 (3d Cir. 1993)).  As noted in the discussion on Comment Three, here the evidence of Flores' guilt was indeed overwhelming.

DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Flores, No. 10-0332/AF

STUCKY, Judge (dissenting in part and concurring in the result):

I agree with the majority in affirming the judgment of the United States Air Force Court of Criminal Appeals, but I continue to disagree with the majority's application of the plain error doctrine. See United States v. Paige, 67 M.J. 442, 452 (C.A.A.F. 2009) (Stucky, J., dissenting in part and concurring in the result). The majority's view of the plain error doctrine is flawed in two respects: (1) the basis for its view of the prejudice prong of the doctrine is derived from military case law involving preserved, rather than unpreserved, constitutional error; and (2) once an accused establishes prejudice under the plain error doctrine, it is impossible for the government to then demonstrate that the plain error was harmless beyond a reasonable doubt.

I.

There are four elements to the Supreme Court's plain error doctrine, the first three of which the appellant has the burden of establishing: (1) there is error; (2) the error is clear, or obvious; and (3) the error affected the appellant's substantial rights (prejudice). Puckett v. United States, 129 S. Ct. 1423, 1429 (2009). "If these three conditions are met, an appellate court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness,

integrity, or public reputation of judicial proceedings."
Johnson v. United States, 520 U.S. 461, 462 (1997); accord
Puckett, 129 S. Ct. at 1429; United States v. Powell, 49 M.J.
460, 463-64 (C.A.A.F. 1998).  As noted in my dissent in Paige,
"[a]n appellant satisfies the prejudice prong of the plain error
test by demonstrating 'a reasonable probability that, but for
[the error claimed], the result of the proceeding would have
been different.'"  67 M.J. at 453-54 (Stucky, J., dissenting in
part and concurring in the result) (quoting United States v.
Dominguez Benitez, 542 U.S. 74, 82 (2004)); see also United
States v. Fisher, 21 M.J. 327, 328 (C.M.A. 1986) (requiring
appellant to show a "prejudicial impact on the jury's
deliberations").  Appellant failed to establish that but for any
of the alleged errors, the results of the proceedings would have
been different.

## II.

The majority opinion contends that once an appellant
establishes prejudice under the plain error doctrine, the
government may still prevail by establishing that the
constitutional error was harmless beyond a reasonable doubt.  In
a plain error case, as opposed to one in which the appellant
preserved the error at trial, the burden of persuasion is on the
appellant and never shifts to the government.  Dominguez
Benitez, 542 U.S. at 82.  "[T]he burden of establishing

2

entitlement to relief for plain error is on the defendant claiming it, and for several reasons, we think that burden should not be too easy for defendants . . . ." Id. The majority's view -- that, after the appellant establishes plain error, the government is entitled to try to establish that the comments were harmless beyond a reasonable doubt -- is built on a faulty foundation, namely cases in which the error was preserved or there was no discussion of plain error.[1]

### III.

Once an appellant establishes that an obvious error resulted in "'material' (significant) prejudice -- a reasonable probability that, but for the error the result would have been different -- it is impossible for the government to show the error was harmless beyond a reasonable doubt." Paige, 67 M.J. at 454 (Stucky, J., dissenting in part and concurring in the result). To permit the government to show that the prejudicial error was harmless beyond a reasonable doubt under such circumstances is similar to permitting the government to prove

---

[1] The majority opinion cites to United States v. Carter, 61 M.J. 30, 35 (C.A.A.F. 2005), for this proposition. United States v. Flores, __ M.J. __ (6) (C.A.A.F. 2011). But Carter was derived from a dictum in Powell, 49 M.J. at 464-65, that was itself based on United States v. Adams, 44 M.J. 251, 252 (C.A.A.F. 1996), a case in which neither the issue granted for review nor this Court's opinion discussed plain error. See also United States v. Moran, 65 M.J. 178, 185 (C.A.A.F. 2007) (citing United States v. Alameda, 57 M.J. 190, 198 (C.A.A.F. 2002) (a case in

beyond a reasonable doubt that an affirmative defense did not exist after the accused established the affirmative defense by a preponderance of the evidence, a practice which we refused to countenance.  See United States v. Prather, __ M.J. __ (17-18) (C.A.A.F. 2011).

---

which the defense clearly preserved the error by objecting at trial to the trial counsel's closing argument)).