# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38973**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Andrew T. GRASSEY**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 June 2017

————————————

*Military Judge:* Shaun S. Speranza.

*Approved sentence:* Bad-conduct discharge, confinement for 8 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 29 October 2015 by GCM convened at Seymour Johnson Air Force Base, North Carolina.

*For Appellant:* Captain Patrick A. Clary, USAF.

*For Appellee:* Major Collin F. Delaney, USAF; Major Jeremy D. Gehman, USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges*.

Judge MINK delivered the opinion of the court, in which Chief Judge DREW and Senior Judge J. BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

MINK, Judge:

A military judge sitting as a general court martial convicted Appellant, consistent with his pleas and a pretrial agreement (PTA), of wrongfully producing and possessing child pornography, in violation of Article 134, Uniform Code of

Military Justice (UCMJ), 10 U.S.C. § 934. The adjudged sentence consisted of a bad-conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to E-1. In accordance with the PTA, the convening authority approved only eight months of confinement, but otherwise approved the adjudged sentence.

Appellant raises one assignment of error: Whether the trial counsel's sentencing argument was improper.[1] Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

In late 2013, Appellant, a 19-year-old Airman First Class, began chatting with JK, a 15-year-old civilian, on an electronic chat program. Although JK told Appellant she was 16 years old, she was, in fact, only 15 years old. Their conversations became sexual, and Appellant asked JK to send him sexually-explicit images. After she did so, Appellant asked her to download a video chat program. She complied, and on 11 February 2014, they had a video chat. During that chat, Appellant, without JK's knowledge or consent, used a different program to record and save a copy of the video chat onto his computer. During the video chat, Appellant directed JK to engage in sexually-explicit conduct, including exposing her genitalia and masturbation. Over the course of several hours that same day, Appellant made a total of three separate recordings and saved them on his computer.

## II. DISCUSSION—IMPROPER SENTENCING ARGUMENT

Appellant asserts that trial counsel's sentencing argument was improper in that trial counsel suggested Appellant was a sexual predator with a propensity to commit similar crimes in the future. Appellant specifically focuses on three portions of trial counsel's sentencing argument as creating this suggestion: (1) that Appellant was "grooming" JK; (2) that Appellant was "lurking on social networking sites;" and (3) that Appellant would not be able to "troll dating sites looking for local civilians to record" while in confinement. Trial defense counsel did not object to any of these comments during trial counsel's

---

[1] Although not raised by Appellant, the Addendum to the Staff Judge Advocate's Recommendation failed to "[l]ist each defense submission as a separate attachment to the addendum," as required by Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 9.20.1.1 (6 Jun. 2013). Since the Defense submission was correctly identified as an attachment to the Addendum with the correct number of total pages stated and the convening authority acknowledged that he considered "the attached matters" before taking action on the case, we conclude that this error resulted in no prejudice to Appellant, and no corrective action is required.

argument. However, trial defense counsel did specifically address trial counsel's use of the word "grooming" and argued against any implication that Appellant was a child predator.

Improper argument is a question of law that we review de novo. *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014). Trial counsel may not inject into argument "irrelevant matters, such as personal opinions and facts not in evidence." *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007). When determining whether a trial counsel's argument was improper, we consider the statements in the context of the entire court-martial. *United States v. Carter*, 61 M.J. 30, 33 (C.A.A.F. 2005).

When there is no objection at trial, we review a trial counsel's sentencing argument for plain error. *United States v. Halpin*, 71 M.J. 477, 479 (C.A.A.F. 2013). Under a plain error analysis, an appellant must show "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). "The legal test for improper argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *Frey*, 73 M.J. at 248 (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)). We must be "confident that [the appellant] was sentenced on the basis of the evidence alone." *Frey*, 73 M.J. at 248 (quoting *Halpin*, 71 M.J. at 480).

Appellant asserts that it was improper for trial counsel to argue that Appellant was "grooming" JK. In context, trial counsel argued:

> [Appellant] controlled the narrative from the start. He met the victim on the KiK application and as soon as he starts meeting her, he starts grooming her, asking her to send him photographs of herself, of her breasts, of her buttocks, even asking her to perform for him; asking her to send him pictures of her on all fours. And then he takes it to the next level with those Skype videos.

Trial counsel's argument was specifically related to Appellant's interactions with JK. It was not a generalized argument that Appellant had or would "groom" other children. Our superior court has noted that "'[g]rooming' behavior refers to the 'sexualization of the relationship' over time through repeated contact and attempts to gain affection in preparation for sexual activity." *United States v. Winckelmann*, 70 M.J. 403, 408 n.6 (C.A.A.F. 2011) (quoting *United States v. Brand*, 467 F.3d 179, 203 (2d Cir. 2006)); *see also United States v. Bressler*, No. ACM 38660, 2016 CCA LEXIS 746, at *78 (A.F. Ct. Crim. App. 16 Dec. 2016) (unpub. op.) (finding no plain error for trial counsel to use "'grooming' . . . as a non-scientific term and in a manner easily understood by a lay member").

Appellant's relationship with JK began by him contacting her on social media. Over the course of time, he then engaged in a sexually-explicit conversation with her and asked her to send him sexually-explicit images. At his request, she downloaded a different application where he directed her to engage in sexually-explicit conduct on video, which he recorded without her knowledge or consent. Under the facts of this case, trial counsel's characterization of Appellant's actions leading up to his production of child pornography as "grooming" was not plain error.

Appellant also asserts that it was improper for trial counsel to argue that Appellant was "lurking on social networking sites" and "troll[ing] dating sites looking for local civilians to record." In context, trial counsel argued:

> Your Honor, his crimes are even more troubling in light of the fact that he went out into the civilian community to commit them. The very foundation of our military is to protect the civilian population. We don't expect our Airmen to be out there lurking on social networking sites finding 15-year-old minors in the local area and then recording them performing sex acts on camera.
>
> . . . .
>
> . . . . The accused controlled, directed, and created those videos without any regard for how they could affect his victim and he should receive 10 months in confinement to send a message not only to him, but to others that may hear of his crimes and the sentence, that if you commit these types of crimes, you will go to jail. That possessing and producing child pornography will not be tolerated in our Air Force and that if you commit these crimes there are real consequences. Ten months will send that message. That's 10 months that Airman Grassey is not going to have access to a computer, 10 months he won't be able to troll dating sites looking for local civilians to record, 10 months for him to reflect on his crimes, to reflect on how they have affected his victim and hopefully send a strong deterrent message to him to prevent this from ever happening again.

Appellant compares trial counsel's comments during his sentencing argument to those made by the trial counsel during argument to court members in *United States v. Frey*. There, our superior court stated:

> [T]rial counsel . . . overstepped the bounds of proper argument . . . in requesting that members draw upon information not in evidence to make a specific conclusion about Appellant: that he

was a serial child molester who had offended before and in theory would offend again. [Trial counsel argued,] "Now, the Defense Counsel said, 'there's no evidence before you that he's ever done anything like this before.' And there is no evidence before you. But think what we know, common sense, ways of the world, about child molesters." . . . [O]ne is hard pressed to imagine many statements more damaging than the implication that someone who has been convicted of molesting a single child will go on to molest many more. Trial counsel's insinuation that Appellant was necessarily guilty of additional offenses and would be a serial recidivist if not confined was both unsubstantiated and severe.

*Frey*, 73 M.J. at 249.

Appellant's reliance on *Frey* is misplaced. Unlike the argument in *Frey*, trial counsel in this case did not argue that the military judge should infer that Appellant had previously engaged in this type of behavior or that the military judge should use his "common sense" to conclude that Appellant would do so unless confined. Rather, trial counsel drew the military judge's attention to the fact that Appellant was interacting with a 15-year-old civilian on a social networking application, and then argued that Appellant could not commit the type of misconduct he committed in this case while in confinement. While Appellant may not like trial counsel's word choice in describing his behavior leading up to his interactions with JK as "lurking on social networking sites," it was not an unfair inference from the evidence presented. Additionally, trial counsel's argument that Appellant would not be able to "troll dating sites looking for local civilians to record" while in confinement was a fair argument regarding the nature of confinement as specific deterrence. Trial counsel's comments were not plainly erroneous, and his sentencing argument was not improper.

Even assuming that these statements and trial counsel's argument were plainly erroneous, they did not materially prejudice a substantial right of Appellant. The sentencing authority in this case was a military judge. Appellant has presented no evidence that the military judge was impermissibly swayed by trial counsel's argument, and we find none. As part of the presumption that military judges know and follow the law absent clear evidence to the contrary, we "presume that the military judge is able to distinguish between proper and improper sentencing arguments." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007). This is true regardless of whether the military judge states on the record what portion of the argument was improper and that it would not be considered. *Id*. We are confident that Appellant was sentenced based on the evidence alone. As such, he has not suffered material prejudice to a substantial right.

## III. CONCLUSION

The findings of guilt and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).[2] Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

---

[2] Appellant highlights that under Article 66 this court has the power to review issues waived at trial. *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016). We agree with Appellant that he affirmatively waived the issues of multiplicity and unreasonable multiplication of charges and is, therefore, prohibited from raising them on appeal. *Id.* The specifications for possession and production of child pornography are not facially duplicative, and the charging scheme in this case does not require the exercise of our extraordinary Article 66 powers. *See id.*; *United States v. Lloyd*, 46 M.J. 19, 20 (C.A.A.F. 1997).