UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, SIMS, and COOK
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 JOSHUA A. HARRINGTON
 United States Army, Appellant

 ARMY 20090422

 U.S. Army Combined Arms Support Command and Fort Lee
 Theresa A. Gallagher, Military Judge
 Colonel Michael E. Sainsbury, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Grace M. Gallagher, JA; Captain E. Patrick Gilman, JA (on
brief); Lieutenant Colonel Imogene Jamison, JA; Major Laura R. Kesler, JA;
Captain Jennifer A. Parker, JA (additional pleadings).

For Appellee: Major Christopher B. Burgess, JA; Captain Chad M. Fisher,
JA; Captain Kevin F. Sweeney, JA (on brief).

 29 July 2011

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------

Per Curiam:

 A military judge, sitting as a general court-martial, convicted
appellant, contrary to his pleas, of wrongful use of marijuana in violation
of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2007)
[hereinafter UCMJ], and absence without leave, as a lesser-included offense
of desertion with intent to remain away permanently, in violation of
Article 86, UCMJ.[1] Appellant was sentenced to a bad-conduct discharge,
confinement for eight months, total forfeiture of all pay and allowances,
and reduction to the grade of E-1. The convening authority approved the
adjudged sentence.

 Before this court, appellant cites Crawford v. Washington, 541 U.S.
36 (2004), and Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2009), and
contends that admission into evidence of the Laboratory Documentation
Packet (LDP), “the only source of evidence admitted to establish Appellant
allegedly used marijuana on the dates charged, [was] in direct
contravention of the Confrontation Clause of the Sixth Amendment.” The
government concedes that many pages of the LDP “may have been testimonial,”
but argues that a surrogate, expert witness satisfied appellant’s right to
confrontation. In the alternative, the government claims that even if
admission of the testimonial portions of the LDP was erroneous, the error
did not materially prejudice appellant’s substantial rights.

 LAW AND DISCUSSION

 The Sixth Amendment provides: “In all criminal prosecutions, the
accused shall enjoy the right . . . to be confronted with the witnesses
against him.” U.S. Const. amend. VI, cl. 2. Accordingly, no testimonial
hearsay may be admitted against a criminal defendant unless (1) the witness
is unavailable, and (2) the witness was subject to prior cross-examination.
 Crawford, 541 U.S. at 53–54. In this case, appellant did not object to
admission of the LDP on Confrontation Clause grounds. However, the record
does not clearly establish that appellant intentionally waived his
constitutional right to confront the witnesses against him. See United
States v. Campos, 67 M.J. 330 (C.A.A.F. 2009). In particular, there is no
evidence that it was part of the defense strategy or tactics to have the
LDP admitted or to use the expert witness to support the defense theory of
the case. Therefore, we will review appellant’s claim for plain error.
Military Rule of Evidence 103(d).

 Plain error occurs when (1) there is error, (2) the error is plain or
obvious, and (3) the error results in material prejudice. United States v.
Harcrow, 66 M.J. 154, 158 (C.A.A.F. 2008); Article 59(a), UCMJ. “In the
context of constitutional error, the burden is on the Government to
establish that the [error was] harmless beyond a reasonable doubt.” United
States v. Flores, 69 M.J. 366, 369 (C.A.A.F. 2011) (internal citations and
quotations omitted); Harcrow, 66 M.J. at 160. Whether admission of the LDP
violated the Confrontation Clause is a question of law that we review de
novo. Harcrow, 66 M.J. at 158 (citing United States v. Gardinier, 65 M.J.
60, 65 (C.A.A.F. 2007)).

 We agree with the parties that portions of the LDP are testimonial,
but reject the government’s argument that a surrogate witness satisfied
appellant’s right to confront those persons making the testimonial
statements contained within the LDP. The use of a surrogate witness “who
did not sign the certification or perform or observe the test” in question
is not a constitutional substitute for the cross-examination of the
declarant whose testimonial statement is actually admitted into evidence.
Bullcoming v. New Mexico, ___ U.S. ___, ___, 131 S.Ct. 2705, 2710 (2011);
See also United States v. Blazier, 69 M.J. 218, 223–24 (C.A.A.F. 2010).
Accordingly, we find that the admission of the LDP was plainly erroneous.
Furthermore, after reviewing the entire record before us, we are not
convinced that the admission of the LDP was harmless beyond a reasonable
doubt in this case.

 CONCLUSION

 The findings of guilty of the Specification of Charge II and Charge II
are set aside and dismissed. The remaining findings of guilty are
affirmed. The dismissal of Charge II does not dramatically change the
sentencing landscape. Reassessing the sentence on the basis of the error
noted, the entire record, and applying the principles of United States v.
Sales, 22 M.J. 305 (C.M.A. 1986), and United States v. Moffeit, 63 M.J. 40
(C.A.A.F. 2006), to include the factors identified by Judge Baker in his
concurring opinion in Moffeit, we affirm only so much of the sentence as
provides for a bad-conduct discharge, confinement for three months, total
forfeiture of all pay and allowances, and reduction to the grade of E-1.
We conclude that such a sentence is at least that which would have been
imposed by a court-martial for the remaining findings of guilt. All
rights, privileges, and property, of which appellant was deprived by virtue
of that portion of his sentence being set aside by this decision, are
hereby ordered restored.

 FOR THE COURT:

 MALCOLM H. SQUIRES JR.
 Clerk of Court
-----------------------
[1] Appellant was found not guilty of desertion with intent to remain away
permanently, Article 85, UCMJ, but guilty of the lesser-included offense of
absence without leave in violation of Article 86, UCMJ. Additionally,
appellant was found not guilty of a specification alleging desertion with
the intent to avoid hazardous duty in violation of Article 85, UCMJ.