UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 EDWARD MATOS-MARTINEZ
 United States Army, Appellant

 ARMY 20091141

 Headquarters, U.S. Army Medical Department Center & School and
 Fort Sam Houston
 Thomas Berg, Military Judge
 Colonel Marian Amrein, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Major Laura Kesler, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 11 October 2011

 ----------------------------------
 MEMORANDUM OPINION
 ----------------------------------

 This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.

COOK, Judge:

 A military judge, sitting as a special court-martial, convicted appellant, pursuant to his
pleas, of two specifications of failure to go to his appointed place of duty, one specification of
failure to obey a lawful order, and one specification of wrongful use of marijuana, in violation of
Articles 86, 92, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, and 912a (2008)
[hereinafter UCMJ]. At the same special court-martial, a panel of officer and enlisted members
convicted appellant, contrary to his pleas, of two specifications of attempted larceny, one
specification each of wrongful possession of cocaine and wrongful use of cocaine, and two
specifications of larceny, in violation of Articles 80, 112a, and 121, UCMJ. Appellant was
sentenced to a bad-conduct discharge, confinement for three months, and forfeiture of $446 pay per
month for three months. The convening authority approved the adjudged sentence.

 Appellant did not raise any assignments of error before this court. However, at trial,
appellant objected to the admission of a Laboratory Documentation Packet (LDP), arguing that
admission of the LDP would violate his Sixth Amendment right to confront the witnesses against him.
Over appellant’s objection, the military judge admitted the LDP as evidence of appellant’s wrongful
use of cocaine. For the reasons discussed below, we set aside appellant’s conviction for wrongful
use of cocaine, affirm the remaining findings, and affirm the sentence.

 BACKGROUND

 Appellant provided a urine specimen during a one-hundred-percent unit-urinalysis inspection.
Appellant’s specimen was tested at Tripler Army Medical Center. During the testing of appellant’s
specimen, numerous documents were created. These documents were later compiled in a LDP which was
admitted into evidence at appellant’s court-martial. Among the documents within the LDP is a
specimen custody document, also known as a Department of Defense Form 2624. The specimen custody
document contains a handwritten notation indicating that appellant’s specimen tested positive for
both cocaine and marijuana. It also contains a certification from Ms. Maria Francisco that “the
laboratory results indicated on this form were correctly determined by proper laboratory procedures,
and they are correctly annotated.” The remaining documents within the LDP include chain of custody
documents and print-outs of machine-generated data. In total, the LDP evinces that appellant’s
specimen tested positive for cocaine and marijuana.

 At trial, appellant pled guilty to the specification alleging wrongful use of marijuana, but
contested the specification alleging wrongful use of cocaine. During the merits phase of his court-
martial, appellant objected to admission of the LDP on Confrontation Clause grounds. During an
Article 39(a), UCMJ, session, the government’s toxicology expert, Lieutenant Colonel (LTC) Thomas
Martin, testified that analysts at Tripler Army Medical Center are “aware that every specimen that
they handle or touch, that those results could possibly end up in court.” LTC Martin previously
worked at Tripler Army Medical Center but was not involved in the testing of appellant’s specimen.
The military judge overruled appellant’s objection to the LDP, and it was admitted into evidence.
However, the LDP was not redacted when presented to the panel—the specimen custody document and the
machine-generated data print-outs indicated that appellant tested positive for both cocaine and
marijuana. LTC Martin later testified on the merits, giving his expert opinion, which was based
upon his review of the LDP. LTC Martin testified that appellant used cocaine. Additionally, LTC
Martin stated that appellant’s specimen tested positive for two drugs instead of limiting his
testimony to only the positive result for cocaine.

 LAW AND DISCUSSION

 The Sixth Amendment provides: “In all criminal prosecutions, the accused shall enjoy the right
. . . to be confronted with the witnesses against him.” U.S. Const. amend. VI, cl. 2. Accordingly,
no testimonial hearsay may be admitted against a criminal defendant unless (1) the witness is
unavailable, and (2) the witness was subject to prior cross-examination. Crawford v. Washington,
541 U.S. 36, 53–54 (2004). A statement is testimonial if “made under circumstances which would lead
an objective witness reasonably to believe that the statement would be available for use at a later
trial.” United States v. Sweeney, 70 M.J. 296, 301 (C.A.A.F. 2011) (quoting United States v.
Blazier, 68 M.J. 439, 442 (C.A.A.F. 2010)). Whether portions of the LDP in this case are
testimonial, and whether their admission therefore violated the Confrontation Clause, is a question
of law that we review de novo. United States v. Harcrow, 66 M.J. 154, 158 (C.A.A.F. 2008) (citing
United States v. Gardinier, 65 M.J. 60, 65 (C.A.A.F. 2007)). “In the context of constitutional
error, the burden is on the Government to establish that the [error was] harmless beyond a
reasonable doubt.” United States v. Flores, 69 M.J. 366, 369 (C.A.A.F. 2011) (internal citations
and quotations omitted).

 Our superior court recently considered the testimonial nature of a specimen custody document in
United States v. Sweeney, 70 M.J. at 298 n.2, 304. First, the Court of Appeals for the Armed Forces
(CAAF) clarified that the Confrontation Clause analysis must focus “on the purpose of the statements
in the drug testing report itself, rather than the initial purpose for the urine being collected and
sent to the laboratory for testing.” Id. at 302. Second, CAAF found under the facts of Sweeney
that the government did not present “any evidence of an alternate purpose of the documents at
issue.” Id. at 304 n.17 (distinguishing the case from the circumstances Justice Sotomayor mentioned
in Bullcoming v. New Mexico, ___ U.S. ___, ___, 131 S.Ct. 2705, 2722 (2011) (Sotomayor, J.,
concurring in part)). The court reached this finding due in part to the “formal, affidavit-like”
character of the specimen custody document. Id. at 304. Consequently, CAAF held the specimen
custody document, which presented more than machine-generated numbers and did so in an affidavit-
like certification, was plainly “made for an evidentiary purpose” and was therefore testimonial.
Id. at 304 & n.17 (citing Bullcoming, ___ U.S. at ___, 131 S.Ct. at 2715).

 The specimen custody document in appellant’s case is the same, in both wording and
nomenclature, as that found to be testimonial in Sweeney. It was generated after appellant’s
specimen tested positive for cocaine and marijuana, and it includes a certification that the testing
was properly completed and correctly annotated. In addition, the government did not present
evidence of an alternate purpose for the specimen custody document itself. Although the collection
of appellant’s specimen was to ensure unit fitness, the purpose of Ms. Francisco’s formalized
certification was for use as evidence. See id. This is readily apparent in light of LTC Martin’s
testimony that the analysts are aware that their work may be used as evidence at court-martial.
Therefore, we conclude that the specimen custody document is testimonial. Furthermore, Ms.
Francisco, who certified the specimen custody document, was not called to testify at appellant’s
court-martial. Although LTC Martin testified about the LDP, the use of a surrogate witness who did
not sign the certification or perform or observe the test in question is not a constitutional
substitute for the cross-examination of the declarant whose testimonial statement is actually
admitted into evidence. United States v. Blazier, 69 M.J. 218, 223–24 (C.A.A.F. 2010).
Consequently, admission of the specimen custody document violated the Confrontation Clause.

 After reviewing the entire record before us, we are not convinced that the admission of this
document was harmless beyond a reasonable doubt. See Delaware v. Van Arsdall, 475 U.S. 673, 684
(1986); Sweeney, 70 M.J. at 306. First, the improperly admitted testimonial document is a critical
piece of evidence. The specimen custody document is part of the LDP which provided the strongest
proof of appellant’s guilt. Thus, it cannot be argued that the error concerns only a collateral
matter. Second, the unconfronted testimony contained in the specimen custody document implicates
the reliability of that critical piece of evidence. The specimen custody document states that the
positive result for cocaine was determined by using proper testing procedures. Third, the LDP,
including the specimen custody document, contains improper, prejudicial references to appellant’s
use of marijuana. Appellant pled guilty to wrongful use of marijuana separately; consequently, the
merits phase only concerned the allegation of wrongful use of cocaine. Therefore, the portions of
the LDP indicating that appellant’s specimen also tested positive for marijuana should not have been
admitted into evidence, at a minimum, without a hearing to determine admissibility under Military
Rule of Evidence 404(b). Accordingly, we conclude that admission of the specimen custody document
was not harmless beyond a reasonable doubt.

 CONCLUSION

 For the reasons discussed above, we hold that admission of the specimen custody document
violated appellant’s Sixth Amendment right to confront the witnesses against him. Furthermore,
based on the particular facts of this case, we hold that the error was not harmless beyond a
reasonable doubt.

 Accordingly, the finding of guilty of Specification 1 of Additional Charge II for wrongful use
of cocaine is set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing
the sentence on the basis of the error noted, the entire record, and in accordance with the
principles of United States v. Sales, 22 M.J. 305 (C.M.A. 1986), and United States v. Moffeit, 63
M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion
in Moffeit, the court affirms the sentence as approved by the convening authority.

 Senior Judge JOHNSON and Judge BURTON concur.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court