# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER AND HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 BRANDON M. ANDERSON**
**United States Army, Appellant**

ARMY 20110504

Fort Campbell Installation
Timothy Grammel, Military Judge
Lieutenant Colonel Joseph B. Morse, Staff Judge Advocate (pretrial)
Lieutenant Colonel Jeff A. Bovarnick, Staff Judge Advocate (post-trial)

For Appellant:  Major Richard E. Gorini, JA; Captain James P. Curtin, JA (on brief).

For Appellee:  Pursuant to A.C.C.A Rule 15.2, no response filed.

14 November 2012

----------------------------------
MEMORANDUM OPINION
----------------------------------

Per Curiam:

    A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of wrongful use of cocaine and assault consummated by a battery[*] in violation of Articles 112a and 128 of the Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 912a and 928.  The military judge sentenced appellant to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence and credited appellant with six days of confinement against the sentence to confinement.  This case is before us for review pursuant to Article 66, UCMJ.

---

[*]Appellant was found not guilty of rape, Article 120, UCMJ, but guilty of the lesser-included offense of assault consummated by a battery in violation of Article 128, UCMJ.

Appellant did not raise any assignments of error before this court.  However, at trial, appellant objected to the admission of a specimen custody document, DD Form 2624, arguing that admission of the form would violate his Sixth Amendment right to confront a witness against him.  Over appellant's objection, the military judge admitted the document as evidence of appellant's wrongful use of cocaine.  For the reasons below, we set aside appellant's conviction for wrongful use of cocaine, affirm the remaining finding, and return the record of trial for a rehearing.

## FACTS

Appellant provided a urine specimen during a random ten-percent unit-urinalysis inspection.  Appellant's specimen was tested at the Fort Meade Forensic Toxicology Drug Testing Laboratory (FTDTL) in Maryland.  During the testing of appellant's specimen, several documents were created at the FTDTL which were admitted into evidence, including a specimen custody document.  The specimen custody document in appellant's case contains a handwritten notation indicating that appellant's specimen tested positive for cocaine.  It also contains a certification, in Block H, by Mr. Ronald Thompson, a laboratory certifying official, that "the laboratory results indicated on this form were correctly determined by proper laboratory procedures, and they are correctly annotated."

At trial, appellant contested the specification alleging wrongful use of cocaine.  During the merits phase of his court-martial, the specimen custody document was offered through the government's forensic toxicology and drug testing expert, Captain (CPT) Lynn Wagner, the Deputy Commander of the Fort Meade FTDTL.  Captain Wagner worked at Fort Meade FTDTL but was not directly involved in the testing of appellant's specimen.  Mr. Thompson, the laboratory certifying official, was not called as a prosecution witness.  Appellant objected to admission of the specimen custody document on Confrontation Clause, authenticity, and hearsay bases.  The Confrontation Clause objection was that Mr. Thompson's certification and positive result annotation were testimonial. The military judge overruled this objection, holding that those specific statements were not testimonial because the urinalysis was random and the certifying official's entries on the specimen custody document were made prior to any request for litigation information.  The military judge also overruled appellant's objections based on authenticity and hearsay and the specimen custody document was admitted into evidence.  Thereafter, appellant was found guilty of wrongful use of cocaine in violation of Article 112a, UCMJ.

## LAW AND DISCUSSION

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI, cl. 2.  Accordingly, no testimonial hearsay may be admitted against a criminal defendant unless (1) the witness is unavailable, and (2) the

witness was subject to prior cross-examination. *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004). A statement is testimonial if "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *United States v. Sweeney*, 70 M.J. 296, 301 (C.A.A.F. 2011) (quoting *United States v. Blazier* (*Blazier I*), 68 M.J. 439, 442 (C.A.A.F. 2010)). Whether portions of the specimen custody document in this case are testimonial, and whether their admission therefore violated the Confrontation Clause, is a question of law that we review de novo. *United States v. Harcrow*, 66 M.J. 154, 158 (C.A.A.F. 2008) (citing *United States v. Gardinier*, 65 M.J. 60, 65 (C.A.A.F. 2007)). "In the context of constitutional error, the burden is on the Government to establish that the [error was] harmless beyond a reasonable doubt." *United States v. Flores*, 69 M.J. 366, 369 (C.A.A.F. 2011) (internal citations and quotations omitted). In "assessing harmlessness in the constitutional context, the question is not whether the evidence was legally sufficient to uphold a conviction without the erroneously admitted evidence." *Sweeney*, 70 M.J. at 306 (quoting *United States v. Blazier* (*Blazier II*), 69 M.J. 218, 226-27 (C.A.A.F. 2010)). Instead, "the question is whether there is a reasonable probability that the evidence complained of might have contributed to the conviction." *Id.* (internal citations omitted).

Our superior court considered the testimonial nature of a specimen custody document in *United States v. Sweeney*, 70 M.J. at 298 n.2, 304. First, the Court of Appeals for the Armed Forces (CAAF) clarified that the Confrontation Clause analysis must focus "on the purpose of the *statements* in the drug testing report itself, rather than the initial purpose for the urine being collected and sent to the laboratory for testing." *Id.* at 302. CAAF distinguished the specimen custody document from the usual chain of custody form due to the results and certification sections which they characterized as "additional substantive information." *Sweeney*, 70 M.J. at 299. Second, CAAF found under the facts of *Sweeney* that the government did not present "any evidence of an alternate purpose of the documents at issue." *Id.* at 304 n.17 (distinguishing the case from the circumstances Justice Sotomayor mentioned in *Bullcoming v. New Mexico*, 564 U.S. ___, ___, 131 S.Ct. 2705, 2722 (2011) (Sotomayor, J., concurring in part)). The court reached this finding due in part to the "formal, affidavit-like" character of the specimen custody document. *Id.* at 304. Consequently, CAAF held the specimen custody document, which presented more than machine-generated numbers and did so in an affidavit-like certification, was plainly "made for an evidentiary purpose" and was therefore testimonial. *Id.* at 304 & n.17 (citing *Bullcoming*, 564 U.S. at ___, 131 S.Ct. at 2715).

The specimen custody document in appellant's case is the same form as that found to be testimonial in *Sweeney*. Portions of it were generated after appellant's specimen tested positive for cocaine, and it includes a certification that the testing was properly completed and correctly annotated. In rejecting an analysis that turns

on the purpose of the collection of the urine, CAAF held "[W]here, as here, an accused's sample tests positive in at least one screening test, analysts must reasonably understand themselves to be assisting in the production of evidence when they perform re-screens and confirmation tests and subsequently make formal certifications on official forms attesting to the presence of illegal substances, to the proper conducting of the tests, and to other relevant information." *Sweeney*, 70 M.J. at 302-03. In addition, the government did not present evidence of an alternate purpose for the specimen custody document itself. Although the collection of appellant's specimen was to ensure unit fitness, the purpose of Mr. Thompson's formalized certification was for use as evidence. *See id.* Therefore, we conclude that this specimen custody document is testimonial. Furthermore, Mr. Thompson, who certified the specimen custody document, was not called to testify at appellant's court-martial. Even though CPT Wagner testified about the specimen custody document, the use of a surrogate witness who did not sign the certification or perform or observe the test in question is not a constitutional substitute for the cross-examination of the declarant whose testimonial statement is actually admitted into evidence. *Blazier II*, 69 M.J. at 223–24. Consequently, the admission of the specimen custody document violated the Confrontation Clause.

After reviewing the entire record before us, we are not convinced that the admission of this document was harmless beyond a reasonable doubt. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986); *Sweeney*, 70 M.J. at 306. The government expert, CPT Wagner, testified extensively as to what the certification official's role had been regarding appellant's sample. Captain Wagner further testified the certifying official had re-verified that the social security number (SSN), the laboratory accession number (LAN), the unit identification code (UIC), and the base area code were all correctly identified on the document as a check and balance to ensure the positive result was associated with the correct bottle. Additionally, the certifying official annotated and certified as correct that appellant's specimen was positive for the cocaine metabolite. Based on a combination of CPT Wagner's testimony and the military judge's full consideration of the specimen custody document as properly admitted evidence, there is a reasonable probability that the specimen custody document might have contributed to appellant's conviction. Accordingly, we conclude that admission of the specimen custody document was not harmless beyond a reasonable doubt.

## CONCLUSION

For the reasons discussed above, we hold that admission of the specimen custody document violated appellant's Sixth Amendment right to confront the witness against him. Furthermore, based on the particular facts of this case, we hold this error was not harmless beyond a reasonable doubt.

The findings of guilty of the Specification of The Additional Charge and The Additional Charge are set aside. The remaining findings of guilty are affirmed. After setting aside the findings of the Specification of The Additional Charge and The Additional Charge, we find that the sentencing landscape has dramatically changed. *See United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006) (Baker, J., concurring) (additional citations omitted). The record of trial is returned to The Judge Advocate General for submission to the same or a different convening authority. That convening authority may order a rehearing on the Specification of The Additional Charge and The Additional Charge and the sentence. If the convening authority determines that a rehearing on that charge is impracticable, he may dismiss the charge and order a rehearing on sentence only.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court