# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant JIMMY R. PERRIGIN**
**United States Army, Appellant**

ARMY 20160183

Headquarters National Training Center and Fort Irwin
James S. Arguelles, Military Judge
Lieutenant Colonel Amber J. Roach, Staff Judge Advocate

For Appellant:  Colonel Mary J. Bradley, JA; Major Julie L. Borchers, JA; Captain Daniel C. Kim, JA (on brief).

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA; Captain Natanyah Ganz, JA (on brief).

26 April 2018

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SALUSSOLIA, Judge:

In this case we hold the offense of communicating indecent language was factually and legally insufficient.  The only evidence of the indecent language—charged as "the description of a sex dream wherein [appellant] was performing oral sex on [the victim]" was the victim's testimony, and she did not testify that appellant told her it was a dream about oral sex.  We also hold trial counsel's findings argument was improper, but it was not prejudicial to appellant.

A military judge, sitting as a special court-martial, convicted appellant, pursuant to his plea, of violating a general order in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (2012) [hereinafter UCMJ].  A panel consisting of officers sitting as a special court-martial convicted appellant, contrary to his pleas, of abusive sexual contact and communicating indecent language, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934.  The convening

authority approved the adjudged sentence of a bad-conduct discharge and reduction to the grade of E-1.

Appellant's case is before this court for review pursuant to Article 66(c), UCMJ. Appellant assigns two errors, both of which merit discussion, and one of which merits relief.

## BACKGROUND

As charged by the government, the offense of communicating indecent language in violation of Article 134, UCMJ, required proof appellant "orally communicate[d] to Ms. AM, certain indecent language, to wit: the description of a sex dream wherein [appellant] was performing oral sex on Ms. AM . . ."

During AM's direct examination, she testified that appellant told her about a sexual dream he had involving her. When trial counsel asked AM what appellant told her about the dream, AM answered: "[h]e tells me that he has a dream that's-- was sexual about me . . . ." Trial counsel again asked AM to describe what appellant communicated to her about the content of the dream to which she answered, "[h]e tells me about a sexual dream that has [sic] about me . . . ."

When trial counsel attempted for the final time to elicit what appellant told her about what had specifically occurred in his dream, AM's answer was again non-responsive, stating, "[t]here was multiple times [appellant awoke] in the middle from the dream and has not been able to go back to sleep from what he told me." On cross-examination, AM admitted appellant had given a few specifics about the dream but did not tell her that the two engaged in oral sex in the dream.

The government also sought to prove the charge through appellant's statements to U.S. Army Criminal Investigation Command (CID) Special Agent (SA) KW. While appellant admitted to SA KW that he told his daughter he had a dream about her of a sexual nature, he adamantly denied telling her the dream was about oral sex between them.

## LAW AND ANALYSIS

*Factual Sufficiency of Communicating Indecent Language*

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002) (internal citation omitted). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325

(C.M.A. 1987). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *Turner*, 25 M.J. at 324; *see also United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001) (internal citations omitted).

In reviewing appellant's conviction for communicating indecent language to AM in violation of Article 134, UCMJ, we are not convinced the offense was committed. Appellant and AM were the only two present during the alleged communication. In evaluating AM's testimony and appellant's statements to CID, we find neither individual attested that appellant communicated certain language to AM wherein he described having a dream in which he was performing oral sex on AM. Because the record is bereft of evidence that actual indecent language was communicated, we find the offense factually and legally insufficient.

*Improper Argument on Findings*

Although appellant did not object to trial counsel's findings argument at trial, he now asserts trial counsel committed prejudicial error through improper argument on findings when he: 1) improperly interjected his personal views vouching for the government's witnesses and evidence; 2) made disparaging comments about appellant that inflamed the prejudice of the panel; 3) argued that appellant should be held to a higher standard because of his training and service as a SHARP representative; and 4) argued facts not in evidence designed to inflame the passions of the panel.

While this court held in *United States v. Kelly*, 76 M.J. 793, 797-98 (Army Ct. Crim. App. 2017), that a plain error analysis was not appropriate in analyzing unpreserved error to argument, we recognize our superior court has granted review in that case on that very issue. *United States v. Kelly*, No. 17-0559/AR, 2017 CAAF LEXIS 1184 (C.A.A.F. 20 Dec. 2017) (order). Accordingly, as we recently did in *United States v. Koch*, we will nonetheless review this case for plain error as a matter of judicial economy. ARMY 20160107, 2018 CCA LEXIS 34, *11 (Army Ct. Crim. App. 29 Jan. 2018) (mem. op.) (citing *United States v. Motsenbocker*, No. 201600285, 2017 CCA LEXIS 651, *7 (N.M. Ct. Crim. App. 17 Oct. 2017), noting our sister service applied a plain error analysis to unpreserved objections to argument).

To establish plain error, appellant must prove: 1) there was error; 2) it was plain or obvious; and 3) the error resulted in material prejudice. *United States v. Flores*, 69 M.J. 366, 369 (C.A.A.F. 2011). As for the underlying error, "[i]mproper argument is a question of law that we review de novo." *United States v. Marsh*, 70

M.J. 101, 104 (C.A.A.F. 2011) (citing *United States v. Pope*, 69 M.J. 328, 334 (C.A.A.F. 2011)).

It is inappropriate for trial counsel to "offer[] substantive commentary on the truth or falsity of the testimony and evidence." *Fletcher*, 62 M.J. at 180 (internal citation omitted). It is also inappropriate for trial counsel to calculate an argument to inflame the passions of the panel members. *Baer*, 53 M.J. at 237. It is inappropriate to argue evidence that is not of record or that is not reasonably derived therefrom. *Id.*

In cases of improper argument, we assess whether prejudice exists by examining and balancing three factors: 1) the severity of the misconduct; 2) the measures adopted to cure the misconduct; and 3) the weight of the evidence supporting the conviction. *Fletcher*, 62 M.J. at 184; *see also United States v. Frey*, 73 M.J. 245, 249 (C.A.A.F. 2014). "[T]he argument by a trial counsel must be viewed within the context of the entire court-martial. The focus of our inquiry should not be on words in isolation, but on the argument as 'viewed in context.'" *United States v. Baer*, 53 M.J. 235, 238 (C.A.A.F. 2000) (quoting *United States v. Young*, 470 U.S. 1, 16 (1985)).

We agree with appellant that trial counsel engaged in improper argument in several instances by interjecting his personal views to vouch for government witnesses and evidence. When referring to AM's testimony, trial counsel stated, "We all know she's truthful. She's not a liar." When commenting on appellant's guilt, trial counsel argued: 1) "We know that he touched her breast and inner thighs not for a massage, but to feel them;" 2) "We know that he had . . . sexual dreams about her;" and 3) "We know he intended to touch her breast for arousal . . . . We know she did not consent." We also find trial counsel improperly referenced former Congressman Anthony Weiner, inviting a comparison to another matter, the facts of which were not admitted into evidence and which bore no similarity to the case at hand.

It is difficult, however, to gauge how *plain* the impropriety of these statements were in light of the overall disjointed, confused, and convoluted nature of trial counsel's argument.

Even assuming the impropriety of trial counsel's argument constitutes plain error, we are confident there was no prejudice to appellant. Appellant's confession corroborates AM's testimony and provides essentially uncontroverted evidence that appellant touched AM's inner thighs and breast without her consent. Therefore, we are convinced that the court-martial convicted appellant of abusive sexual contact based on the evidence before it and not on the inappropriate statements of trial counsel. *See United States v. Halpin*, 71 M.J. 477, 479-80 (C.A.A.F. 2013); *Fletcher*, 62 M.J. at 185.

**CONCLUSION**

On consideration of the entire record, the finding of guilty to the Specification and Charge III is set aside and dismissed. The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we find no change in the penalty landscape as this is a special-court martial. Additionally, the remaining offenses capture the gravamen of appellant's misconduct. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial. We are confident that based on the entire record and appellant's course of conduct, the panel would have imposed a sentence of at least that which was adjudged.

Reassessing the sentence based on the noted error and the remaining findings of guilty, we AFFIRM the sentence as adjudged. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Senior Judge CAMPANELLA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court